THOMAS C. LAZEAR et al., executors, appellants,

*v.*

AMERICAN STEEL FOUNDRIES, respondent.

[Argued March 9th, 1916.    Decided June 19th, 1916.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stevens, whose opinion is reported *ante p. 21.*

*Messrs. Young & Bigelow,* for the appellants.

*Messrs. Lindabury, Depue & Faulks,* for the respondent.

PER CURIAM.

The decree order appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Stevens.

GARRISON, J. (dissenting).

I must dissent from the proposition that a preferred stockholder forfeits his right to dividends by his failure to surrender up his contract as a creditor of the common stockholders and become one of such debtor class. That is what the scheme in the present case amounts to. That such a change must be the voluntary act of each preferred stockholder deciding for him-

self is perfectly clear. The vice-chancellor did not decide that such an exchange was or could be compulsory; this court has not so decided, and it is safe to assume that no court acting under our constitution and statutory provisions will ever so decide.

If the act of the preferred stockholder was purely voluntary, the doctrine of laches has no application. Where there is no obligation to perform an act there is no right to penalize for its non-performance. If the complainant did not care to surrender his preferred stock there was nothing for him to do but to hold on to it. He did not attack the scheme, and did not care to, he simply gave to it its legal effect. If, however, by any refinement it can be held that he ought to have given notice of his decision not to surrender his stock, the proof is that he did give such notice and the reason therefor, viz., that the stock was held by him under a trust which would be violated by such a surrender of the trust property. This notice was given to the corporation officers in charge of the proposed scheme; if they did not see fit to communicate it to the other preferred stockholders, it was probably because they knew that it had no legal significance, but in no event can the failure of the officers of the corporation be laid at the door of the complainant. The complainant is to-day as much a preferred stockholder as he ever was, and his contract as such has not been and cannot be altered either by the proposed scheme of exchange or by the voluntary acceptance of it by other preferred stockholders.

The only debatable question is whether the complainant is entitled to full dividends out of the actual profits, or only to such as would be applicable to his stock if all the preferred stock were still outstanding. Either remedy is within the scope of his bill and its prayer; he may have asked for too much, but that should not lead to the dismissal of his bill.

As to laches, that is out of the question, unless and until the court that applies such doctrine first decides that a creditor of the corporation can be compelled *in invitum* to become a common stockholder by the action of a sufficient number of his fellow-creditors. To point out that such a doctrine receives no

support from the decision of the present case is the real object of this memorandum, which, incidentally, serves to explain the ground upon which I base my vote to reverse.

I am requested by Mr. Justice Parker and by Judges White and Gardner to express their concurrence in this view.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, TAYLOR—10.

*For reversal*—GARRISON, PARKER, WHITE, GARDNER—4.