Complainant trustee seeks a construction of the will of Frank B. Sitley, its decedent, and instructions with respect to a proposed substitution of new for old capital stock of Sitley 
Son, Incorporated, a corporation the decedent caused to be formed and which he controlled until his death.
Frank B. Sitley died April 20th, 1915, leaving him surviving his widow Ada M. Sitley, and six children, i.e., Elma Sitley Coburn, Helen Grace DuBois, Edna Marie Sitley, James Arthur Sitley, Frank Lester Sitley and Earl B. Sitley. The widow and five of testator's six children, viz., Elma, Helen, Edna, James and Frank are living; the sixth child, Earl, is deceased, but is survived by one child, Earl B. Sitley, Jr. In all there are eight grandchildren now living; three of these are of full age, two are minors over the age of fourteen years, and three are minors under the age of fourteen years.
At the time of his death, the testator owned 1,144 shares of the capital stock of Sitley Son, Incorporated. This stock became a part of his residuary estate. By the third clause of his will the testator established a trust of all his residuary estate for the benefit of his widow, his children and, contingently, his grandchildren. Testator appointed Central Trust Company trustee; subsequently Camden Safe Deposit and Trust Company was substituted, and, later, as a result of a merger, the present trustee succeeded to the office. The trustee sold 400 shares of stock of Sitley Son, Incorporated, to the corporation.
In said clause of his will the testator directed that each year the trustee pay from income to each of the testator's surviving children under twenty-five years of age, an amount equal to the dividends paid during the year on 100 shares of its stock by Sitley Son, Incorporated. The balance of trust income testator directed be paid to his widow, for life. He also directed that 100 shares of the stock of Sitley Son, Incorporated, be transferred from the trust to each of his *Page 319 
children when they respectively attained the age of twenty-five years. All six of the testator's children have attained that age and each has received 100 shares of stock. After the transfer of these 600 shares of stock, there remained in the trust only 144 shares, and control of the corporation was lost to the trustee.
Testator further provided in his will that after the transfer of stock from the trustee to testator's children the balance of the corpus of the trust estate, upon the death of decedent's widow, be paid to such persons as she should by will appoint to receive the same, or upon her failure to exercise her power, the income be paid to his children and the issue of any deceased child until the death of the last surviving child, at which time the corpus of the trust be distributed to testator's grandchildren, share and share alike.
October 18th, 1943, at a special meeting of the stockholders of Sitley Son, Incorporated, the owners of more than two-thirds of its stock approved of a plan of recapitalization for the corporation and the amendment of its certificate of incorporation to accord therewith. October 24th, 1943, the certificate of incorporation was amended to authorize the issuance of 500 shares of 8% cumulative preferred capital stock of a par value of $100 per share and 750 shares of common capital stock of a par value of $100 per share in lieu of the originally authorized 1,250 shares of a par value of $100 per share.
The plan provided that 200 shares of the old common stock of the corporation, then owned by Frank Lester Sitley and Thomas E. Wallace, be exchanged for 200 shares of the new capital stock of the company, and that 444 shares of the new preferred stock be exchanged for an equal number of old shares then owned by James Arthur Sitley. Edna Marie Sitley, Helen Grace DuBois, and Camden Trust Company, trustee. The trustee asks that the court approve or disapprove of the exchange of the 144 shares of old stock it holds for 144 shares of preferred stock proposed to be issued to it.
The evidence established that no market presently exists for the sale of the 144 shares of stock of Sitley Son, Incorporated, which are now held by the trustee, and that the new *Page 320 
preferred capital stock of the corporation has a stronger investment position than the original common stock.
The evidence further established that, as of the time of the adoption of the recapitalization plan, the common stock of the corporation had a value of approximately $80 per share and that, as of the present time, the corporation has sufficient assets to support an evaluation of $100 per share on the new preferred stock, including the 144 shares proposed to be issued to the complainant trustee, and that the common stock issued in accordance with the reconversion plan has a value of approximately $50 per share. It further appeared that over a period of several years last past earnings of the corporation have not warranted, and dividends have not been declared in excess of 6%, and that in one or more years no dividend was earned or paid. Since the recapitalization plan was adopted, dividends of 8% per annum have been paid on the issued preferred stock; no dividends have been paid on the new common stock.
As preliminary to a discussion of the issues presented by the pleadings, the question suggests itself: Was it legal and proper for complainant and its predecessor trustees to accept and to hold, as a part of the trust corpus, shares of stock of Sitley Son, Incorporated? Investment of trust funds by a fiduciary in stock of a business corporation is, ordinarily, not permitted in this state. When, however, as here, a testator has invested in such stock and it comes to the hands of his trustee to be by him administered, "such fiduciary may, in the exercise of good faith and reasonable discretion, continue such investments and in such case he shall not be accountable for any loss by reason of such continuance." R.S. 3:16-12.
Not only was the action of the trustee in accepting and retaining the stock permitted under the cited statute, but by the terms of his will the testator clearly manifested an intention that the trustee should so act. Indeed, no provision can be found in the testator's will that could be considered an obstacle to the taking and retention of the new stock proposed to be substituted for the old.
Testator conferred upon the trustee power to "invest, reinvest and keep invested" the corpus of the trust estate. He *Page 321 
gave the trustee plenary power to dispose of assets of the trust whenever the trustee believed such action would be of advantage to the testator's "estate" or whenever it might be necessary to make distribution under the terms of his will. Testator expressed his desire that an officer of the trustee be elected a director of Sitley Son, Incorporated, in his place, and that a certain individual be made general manager of the corporation at a salary testator fixed. He directed that the books of the corporation be audited at least once each year. He directed that his executor "protect" his holdings of stock in the corporation and, in case he had pledged any of said stock as collateral security for loans, the loans be paid with proceeds realized from the sale of other assets "in order that my holdings of stock of said Sitley 
Son, Incorporated may be kept intact." The testator's direction that his stock holdings be protected was addressed to his executor, but this only strengthens the clear implication of the will that it was the testator's purpose to assure transmittal of his stock to and retention of the stock by the trustee so that it could carry out the directions of the trust.
The concern which the testator expressed with regard to the fate of his stock seems to me to have affirmative significance in relation to the right of the trustee to accept and hold the new shares. There is, however, other definite authority: As a corollary to a trustee's right to retain corporate stock underR.S. 3:16-12, it has now been established in this state that a trustee may properly exchange corporate stock formerly held by his settlor for new stock issued as an incident to a merger or reorganization of the corporation, provided the new stock is substantially equivalent to the old. When it is, and the exchange has been made, the trustee is not regarded as having disposed of stock received by him from the testator and as having purchased new stock contrary to the restriction of the statute governing investment of trust funds. In re Riker (Prerogative Court),124 N.J. Eq. 228; 1 Atl. Rep. 2d 213; affirmed, 125 N.J. Eq. 349; 5 Atl. Rep. 2d 685.
The proposed exchange of stock is in conformity with the plan formally adopted by the stockholders. That plan violates *Page 322 
no acquired rights to accrued dividends; all of the stock issued before adoption of the plan and amendment of the certificate of incorporation was common stock. The substitution seems to have been planned on a just basis, and such a substitution is authorized by statute. R.S. 14:11-1; Pronick v. SpiritsDistributing Co. (Court of Chancery), 58 N.J. Eq. 97;42 Atl. Rep. 586; Lazear v. American Steel Foundries, 86 N.J. Eq. 21;98 Atl. Rep. 642; affirmed, 86 N.J. Eq. 252; 98 Atl. Rep. 642;Wessel v. Guantanamo Sugar Co. (Court of Chancery),134 N.J. Eq. 271; 35 Atl. Rep. 2d 215.
The new stock to be issued to the trustee will be stock of the same corporation; there will be the same number of shares; and, the new stock will have better investment qualities than the old stock has possessed for several years, and thus will better serve the purpose for which the balance of the corpus of the trust is being administered. It is my conviction, and I hold, that the stock proposed to be issued to the trustee is substantially equivalent to the stock it now holds. I shall, therefore, advise a decree that the will of the settlor authorizes, and the cited statute warrants, the exchange of the old stock for the new and the retention in the trust of the new stock. *Page 323